**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3946
_____

PJETER SHQUTAJ; GJELINA SHQUTAJ; J.S.; D.S.; V.S.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A096-241-606; A096-241-607;
A096-241-608; A096-241-609; A096-241-610)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2013
Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  April 4, 2013)
_____

OPINION
_____

PER CURIAM

Pjeter Shqutaj and his wife, Gjelina Shqutaj, on behalf of themselves and their

three minor children (collectively "the Petitioners"), petition for review of the Board of

Immigration Appeals' ("BIA" or "Board") denial of their motion to reopen. For the following reasons, we will deny the petition for review.

The Petitioners, natives and citizens of Albania, entered the United States without inspection and were placed in removal proceedings. They conceded their removability and applied for asylum and withholding of removal on the ground that they suffered persecution on account of their activities on behalf of the Albanian Democratic Party.[1] The Immigration Judge ("IJ") denied relief, finding that the Petitioners' testimony was not credible, and ordered them removed to Albania in November 2005. The BIA dismissed their administrative appeal in August 2007.[2]

In May 2011, the Petitioners filed a motion to reopen with the BIA based on purportedly new and material evidence of changed country conditions in Albania. The motion included a declaration by the Petitioners' attorney; news articles; an expert affidavit and curriculum vitae of Professor Bernd Fischer; a letter of "Confirmation" from the Chairman of an organization known as Formerly Persecuted Persons (FPP) of which Mr. Shqutaj is a member; and a Democratic Party membership card. The BIA denied the motion, stating that it was untimely, and that it did not meet an exception to the timeliness requirements, as the evidence submitted was "insufficient to warrant reopening

---

[1] Mr. and Mrs. Shqutaj filed separate applications for asylum, each indicating that their children were derivative applicants. The agency considered their applications together.

[2] Although they filed a petition for a review of that decision in this Court, the case was dismissed for failure to prosecute.

2

based on changed country conditions in Albania." (Administrative Record ("A.R.") at 4.) The BIA also noted that the Petitioners' evidence failed to address the IJ's prior adverse credibility determination. This petition for review followed.

We have jurisdiction under 8 U.S.C. § 1252 and review a decision denying a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Under this standard, we may not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (internal quotation marks and citation omitted).

A motion to reopen generally must be "filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). The Petitioners' motion was filed beyond the allotted 90 days. However, as the BIA noted, the time limitation does not apply if the movant seeks reopening "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The Petitioners argue that they established changed country conditions. We disagree.

The Petitioners first contend that the BIA erred in determining that the materials they submitted with their motion to reopen did not adequately address the IJ's prior adverse credibility determination.[3] They assert that the Democratic Party membership

---

[3] The IJ found that Petitioners were not credible based on: the failure of Mrs. Shqutaj to mention five of her husband's six arrests while he was engaging in political activities;

3

card they submitted, as well as the letter from the FPP stating that they had been persecuted because of their political opinion, served to resolve the adverse credibility problems. We agree with the BIA that, while these documents might have corroborated the Petitioners' membership in the Democratic Party, they did not resolve their credibility problems, which did not extend to such membership. Furthermore, it is not unreasonable for the BIA to conclude that evidence submitted with a motion to reopen is not "material" where it does not rebut an adverse credibility finding. See Khan v. Att'y Gen., 691 F.3d 488, 497 (3d Cir. 2012).

The Petitioners also argue that the Board erred in concluding that the evidence that they submitted failed to establish material changes in Albania with regard to the treatment of those who support the Democratic Party. We conclude that the BIA reasonably found that these materials, including the affidavit of Dr. Fischer, do not demonstrate materially changed conditions since the 2005 hearing. Rather, the evidence can be fairly said to reflect a continuation of longstanding political instability in Albania.[4] See Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011) (holding that the BIA did not err in denying reopening where "the conditions described have persisted"); cf. Shardar v. Att'y Gen., 503 F.3d 308, 315 (3d Cir. 2007) ("The re-emergence of the political party

---

Mr. Shqutaj's failure to mention in his declaration a beating he received in December 2001 by the Albanian police; and Mrs. Shqutaj's different description of that same December 2001 incident. (A.R. 30-31.)

[4] Although the Petitioners urge us to consider a purportedly similar case where the BIA granted reopening for an Albanian national named Rrok Dekaj, we are limited to review

4

responsible for the applicant's prior persecution is the type of situation that would constitute a change in country conditions.").

Finally, the Petitioners argue that the BIA failed to consider all the evidence they submitted with their motion to reopen in violation of their due process rights. We disagree. The BIA clearly considered the expert affidavit and other documentation that the Petitioners submitted, but it found that they had not established grounds for reopening. Cf. Zheng v. Att'y Gen., 549 F.3d 260, 268-69 (3d Cir. 2008) (remanding where the BIA "fail[ed] to discuss most of the evidentiary record" in connection with a motion to reopen). We discern no due process violation.

For the foregoing reasons, we will deny the petition for review.

---

of the administrative record in the present case. See 8 U.S.C. § 1252(b)(4)(A).